**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| LUTHER JEROME WILLIAMS, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) No. 2:07-cv-00307-MEF-SRW |
| | ) |
| RICHARD ALLEN, Commissioner, | ) |
| Alabama Department of | ) |
| Corrections, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Richard Allen, et al., respectfully move this Court to dismiss this action on grounds that the claims asserted by the Plaintiff are time-barred and Williams can state no claim upon which relief can be granted. In support of this motion, Defendants state as follows:

## I.    LEGAL STANDARD.

When considering a motion to dismiss, a trial court accepts the allegations in the complaint as true, construing them in a light most favorable to the plaintiff. Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). "Motions to dismiss are granted 'when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (citations omitted).

Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 and alleges that the manner in which Alabama carries out executions by lethal injection violates his rights under the Eighth Amendment to the United States Constitution. See Complaint. Defendants deny that Alabama's

execution procedures violate the United States Constitution; deny that the procedures in place present an unreasonable risk of unnecessary pain and suffering; deny that the procedures call for the use of excessive force, sadistic acts, or malicious intent; deny that the procedures violate basic principles of human dignity or contemporary standards of decency; deny that the procedures are repugnant to the conscience of mankind; and deny that Defendants show intentional, reckless indifference to acts violating Williams's constitutional rights.   Nonetheless, even assuming the facts alleged in the Complaint to be true, Plaintiff's claims are due to be dismissed because they were asserted too late – after the end of habeas review, after the State of Alabama moved for an execution date, and years after Plaintiff knew or should have known of his claim.

## II.    BACKGROUND OF WILLIAMS'S CRIME, CONVICTION, AND LITIGATION.

The facts of Williams's crime are set forth in the Eleventh Circuit's opinion which affirmed dismissal of his petition for writ of habeas corpus:

> On January 22, 1988, a 1981 dark blue Oldsmobile Regency automobile was stolen from a motel parking lot in Birmingham, Alabama. In the trunk of this vehicle was, among other items, a .22 caliber pistol. A dark blue car arrived at the Smithfield housing project in Birmingham later that same evening and the appellant was identified as the sole occupant. On the morning of January 23, 1988, John Robert Kirk was on his way home from work. He stopped his vehicle-a red 1984 Chevrolet pickup truck with a camper on the back-near the West Blocton exit on Interstate 59 South in Tuscaloosa County. The appellant and two men were traveling south on Interstate 59 in the stolen Oldsmobile. After noticing the victim's vehicle beside the road, they stopped and confronted him. The appellant led the victim to a nearby wooded area and shot him once in the left side of the head, "execution style," with the .22 caliber pistol which had been in the trunk of the stolen Oldsmobile. The victim's body was left at the site of the shooting, and his money and vehicle were taken.

Williams v. Allen, 458 F.3d 1233, 1235-36 (11th Cir. 2006).

Williams then began a nineteen-year odyssey through the state and federal court system where his sentence and conviction were affirmed at every turn.   His last avenue for post-conviction review, federal habeas corpus proceedings, ended on March 26, 2007, when the United States Supreme Court denied Williams's petition for a writ of certiorari. .  ___ U.S. ___, 1997 WL 879745 (March 26, 2007).  Only then – eighteen years after his conviction, five years after he knew that Alabama would use lethal injection as the method of his execution, and after the State moved for an execution date – did Williams file this § 1983 action.   Williams's complaint does not contain any statement regarding why he waited to file his § 1983 lawsuit until his federal habeas challenge came to conclusion.  In fact, the complaint appears (with respect) to be "cookie-cutter" pleading that could have been filed years before.

It is now too late.

The timing of relevant events is summarized as follows:

| | |
|---|---|
| November 30, 1989 | Williams convicted of capital murder. |
| February 12, 1990 | Williams sentenced to death. |
| June 14, 1991 | Alabama Court of Criminal Appeals confirmed conviction.  <u>Williams v. State</u>, 601 So. 2d 1062 (Ala. Crim. App. 1991). |
| March 6, 1992 | Alabama Supreme Court denied petition for a writ of certiorari.  <u>Ex parte Williams</u>, 662 So. 2d 929 (Ala. 1992). |
| November 2, 1992 | United States Supreme Court denied petition for a writ of certiorari.  <u>Williams v. Alabama</u>, 506 U.S. 957 (1992). |
| April 8, 1994 | Williams filed Rule 32 post-conviction petition in state court. |
| July 6, 1994 | Williams filed amended Rule 32 post-conviction petition in state court. |
| March 22, 1999 | State trial court denied amended petition. |
| March 31, 2000 | Alabama Court of Criminal Appeals affirmed state court judgment.  <u>Williams v. State</u>, 783 So. 2d 108 (Ala. Crim. App. 2000). |
| October 27, 2000 | Supreme Court of Alabama denied petition for writ of certiorari. |
| March 29, 2001 | Williams filed petition for writ of habeas corpus with the United States District Court for the Northern District of Alabama. |

3

| June 7, 2001 | Williams filed amended petition for writ of habeas corpus. |
|---|---|
| July 1, 2002 | Alabama adopted lethal injection as the method of execution (inmates then on death row given thirty days to affirmatively elect electrocution as method of execution.) |
| July 31, 2002 | Williams failed to affirmatively elect electrocution as method of execution. |
| April 20, 2005 | District Court denied request for evidentiary hearing and denied and dismissed petition with prejudice. |
| August 2, 2006 | United States Court of Appeals for the Eleventh Circuit affirmed district court's judgment.  Williams v. Allen, 458 F.3d 1233 (11th Cir. 2006). |
| March 26, 2007 | United States Supreme Court denied petition for writ of certiorari. ___ U.S. ___, 1997 WL 879745 (March 26, 2007). |
| April 4, 2007 | The State of Alabama filed its motion to set an execution date.  See Motion to Set an Execution Date, attached as Exhibit A. |
| April 10, 2007 | Williams filed above-styled § 1983 action. |

On these facts, Williams's complaint is time-barred, whether by operation of the statute of limitations or laches.   His complaint is therefore due to be dismissed.

## III.    STATUS OF SIMILAR LITIGATION PENDING IN THIS DISTRICT.

In addition to this case, five such challenges have been filed in this district, all with virtually identical claims:

McNair v. Allen, 2:06-cv-695-WKW, consolidated for discovery with Callahan v. Allen, 2:06-cv-919-WKW.  Discovery is ongoing.  Defendants' dispositive motion based on statute of limitations and/or laches is pending.  Set for trial in October, 2007.

Jones v. Allen, No. 2:06-cv-986-MHT-TFM.  Jones's execution is scheduled for May 3, 2007.  Judge Thompson recently denied Plaintiff's motion for stay of execution and his order was affirmed on appeal. ___ F.Supp.2d ___, 2007 WL 1140416 (Apr. 17, 2007), aff'd, ___ F.3d ___, 2007 WL 1225393 (Apr. 27, 2007).   In the same order, Judge Thompson denied Defendants'

Motion of Summary Judgment that was based on the statute of limitations. Defendants respectfully disagree with Judge Thompson's ruling but did not file a request for a permissive appeal of this issue. The Eleventh Circuit expressly declined to reach the question when ruling that Jones filed too late to receive a stay of execution. Id. The United States Supreme Court denied Jones's petition for a writ of certiorari and the Alabama Supreme Court denied Jones's motion to vacate the execution date. Jones was executed by lethal injection on May 3, 2007.

Grayson v. Allen, 2:06-cv-01032-WKW. Defendants' dispositive motion based on statute of limitations and/or laches is pending. Grayson's execution is scheduled for July 26, 2007. Judge Watkins has set the matter for trial on June 26, 2007. Defendants have objected to the expedited schedule and trial setting and requested instead that the court turn first to the dispositive motion and upcoming motion for stay of execution. Judge Watkins has taken Defendants' objection under advisement, and for now the parties are engaging in discovery. Grayson has filed a motion to stay execution; the Defendants' reply is due May 14, 2007.

Siebert v. Allen, 2:07-cv-00295-MEF-WC. On information and belief, Plaintiff has filed a motion to proceed *in forma pauparis* and Defendants have not been served.

## IV.    THE STATUTE OF LIMITATIONS RELATING TO WILLIAMS'S 1983 COMPLAINT EXPIRED IN 2004.

Death row inmates have decades to challenge their conviction and death sentence and layers upon layers of review. A device currently in vogue is to attempt to delay that sentence even further by filing § 1983 lawsuits at or near the end of post-conviction review and then to seek a stay of execution for time to litigate that claim. But enough is enough. Defendants argue that, as the Sixth Circuit recently held, inmates should be held to a statute of limitations that would require them to file their § 1983 claims within two years of the time they knew or should

have known of their cause of action.  See Cooey v. Strickland, 479 F.3d 412 (6th Cir. 2007). Such a rule is consistent with the nature of tort actions, will prevent abuse of the system, and will protect the interest of the state and of victims of crime in the timely enforcement of a sentence.

The Supreme Court has held that § 1983 claims are best characterized as tort actions for personal injury and that federal courts must borrow the statute of limitations governing personal injury actions from the State in which the § 1983 action was brought.  Wilson v. Garcia, 471 U.S. 261, 275-76, 105 S.Ct. 1938 (1985).  In Alabama, the general statute of limitations for personal injury actions is two years.  Ala. Code § 6-2-38(l).  Thus, the applicable statute of limitations for actions brought under § 1983 is two years.

The question then becomes, when did Williams's cause of action challenging Alabama's method of execution accrue?  "Federal law determines when the statute of limitations begins to run; generally, the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006) (quotation omitted).  Thus, "section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured."  Mullianax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (citation omitted). Williams's cause of action accrued when Alabama on July 1, 2002, changed its method of execution to lethal injection.  See Ala. Code 15-18-82.1 (2006 Cumulative Supplement)(noting the Act which added this section became effective on July 1, 2002).  Thus, his 2007 complaint was filed nearly three years after the statute of limitations expired.

The Sixth Circuit, in Cooey v. Strickland, supra, recently determined when a death row inmate's § 1983 method-of-execution challenge accrues for statute-of-limitation purposes.[1]  In answering this question, the Cooey Court was "guided by the principle that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  Id., at 416 (internal citation and punctuation omitted).  The Court stated that "the most logical choice of a triggering event is the point when the death penalty is ordered, upon judgment of conviction and sentence."  Id. at 418.  To support its conclusion, the Cooey court cited a Fifth Circuit decision that holds that a method-of-execution claim may be raised any time after the inmate's conviction becomes final on direct appeal.  Id., citing Neville v. Johnson, 440 F.3d 221, 222 (5th Cir. 2006).  In addition, the Cooey Court emphasized that this triggering date mirrored the one found in 28 U.S.C. § 2244(d)(1)(A): "upon conclusion of direct review in the state court or the expiration of time for seeking such review."  Id., at 422.  Under that particular triggering event, the inmate's claim in Cooey would have accrued in 1991, after the United States Supreme Court denied direct review.

Because Ohio did not adopt lethal injection as a method of execution until 1993, or make it the exclusive method of execution until 2001, "the accrual date must be adjusted because Cooey obviously could not have discovered the injury until one of those two dates."  Id., at 422.  The Court did not decide between the two dates because Cooey's claim was untimely under either.  Id.

---

[1] The Cooey case appears to be the only reported decision of a federal court to address when a § 1983 method-of-execution challenge accrues for statute of limitations purposes.  The plaintiffs moved for rehearing en banc and the Sixth Circuit ordered the state officials to respond.  The state officials filed their response on April 19, 2007.  On information and belief, the Sixth Circuit has not yet ruled on the application for rehearing en banc.

Applying the holding of Cooey to this case, Williams's lawsuit should be dismissed because it was filed after the statute of limitations had expired. There are two triggering dates that this Court may use in determining when Williams's cause of action accrued. The first is when Alabama changed its method of execution to lethal injection, which became effective on July 1, 2002. See Ala. Code § 15-18-82.1 (2006 Cumulative Supplement).[2] Using this triggering date, any claim filed after July 1, 2004, is untimely. The other possible triggering date is the date on which Williams had an opportunity to affirmatively choose electrocution. See Ala. Code § 15-18-82.1 (2006 Cumulative Supplement) ("The election for death by electrocution is waived unless it is personally made by the person in writing and delivered to the warden of the correctional facility within 30 days after the certificate of judgment pursuant to a decision by the Alabama Supreme Court affirming the sentence of death or, if a certificate of judgment is issued before July 1, 2002, the election must be made and delivered to the warden within 30 days after July 1, 2002."). Williams knew on July 31, 2002, when he did not affirmatively in writing select electrocution as a method of execution, that lethal injection was the method of execution that will be used by the State. Hence, even applying this later triggering date, any claim relating to lethal injection should have been filed by July 31, 2004. Under either triggering date, Williams filed his complaint much too late.

The Eleventh Circuit has not yet squarely addressed the question of when the statute of limitations begins to run on a § 1983 claim challenging the procedures for lethal injection. However, its decisions addressing motions for stays of execution demonstrate support for the

---

[2] Williams's direct review ended on November 2, 1992, when the United States Supreme Court denied certiorari review. Williams v. Alabama, 506 U.S. 957 (1992). That date is not available as a possible accrual date because Alabama at that time did not use lethal injection as a method of execution.

*Cooey* analysis: Inmates are on notice of their cause of action long before habeas review has run its course and as early as when the state adopts lethal injection as the method of execution.

For example, in Diaz v. McDonough, 472 F.3d 849 (11th Cir. 2006), cert. denied, 127 S.Ct. 851 (2006), the Eleventh Circuit held that a prisoner was not entitled to a stay of execution that was sought to bring a claim identical to Williams's. Inmate Diaz admittedly filed later than Williams – he filed his claim less than three days before his scheduled execution – but the Eleventh Circuit held that he should have filed years earlier:

> Diaz was either aware or should have been aware of the grounds for his section 1983 claim much earlier than the date on which he filed his complaint. In fact, Diaz knew or should have known of the grounds for his claim long before he filed his complaint because the Florida Supreme Court considered a challenge to the Florida lethal injection protocols on similar grounds as early as 2000.

Id. Diaz therefore could have filed (and should have filed) his claim challenging lethal injection as early as 2000. His efforts for federal post-conviction relief were not finally concluded until much later. Diaz v. Secretary for the Dept. of Corrections, 402 F.3d 1136 (11th Cir. 2005)(affirming denial of habeas corpus petition), rehearing and rehearing en banc denied, 143 Fed. Appx. 312 (11th Cir. 2005), cert. denied, 126 S.Ct. 803 (2005).

The case of Florida inmate Arthur Rutherford is no different. Rutherford's habeas review ended when the Supreme Court denied certiorari review. See Rutherford v. Florida, 543 U.S. 1167 (2005). In Rutherford v. McDonough, 466 F.3d 970 (11th Cir. 2006), cert. denied, 127 S.Ct. 465 (2006), the Eleventh Circuit held that Rutherford was not entitled to a stay of execution that would permit him to bring a § 1983 claim because he could have filed as early as 2000 when he knew or should have known of the claim. Id. at 975 (citing Hill v. McDonough, 462 F.3d 1313, 1313-14 (11th Cir. 2006), and noting the 2000 challenge by another inmate in Florida state court). The court rejected Rutherford's arguments (and the arguments of the dissenting judge)

that the publication of the <u>Lancet</u> article in 2005, or a 2006 United States Supreme Court decision clarifying that such claims are properly brought under § 1983, somehow changed the time at which Rutherford should have filed his claim.  <u>Rutherford</u>, 466 F.3d at 975.

Most recently, in <u>Jones v. Allen</u>, ___ F.3d ___, 2007 WL 1225393 (Apr. 27, 2007), <u>cert. denied</u>, ___ U.S. ___ (May 3, 2007), the Eleventh Circuit commented at length on the issue of when it is too late to file a lethal injection challenge (although expressly declining to rule on the statute of limitations question or on when the inmate's claim ripens).

> We see no convincing reason why, after Alabama made lethal injection its primary method of execution, Jones could not have brought his method-of-execution challenge sooner than he did. <u>Jones knew of the State's intention to execute him at least by July 2002.</u> "It was during that period-in which the execution was not so much an imminent or impending danger as it was an event reasonably likely to occur in the future-that [Jones] needed to file this challenge." [citing <u>Harris v. Johnson</u>, 376 F.3d  414, 418 (11th Cir. 2004)]. By waiting until November 2006 to file his challenge to the State's lethal injection protocol, Jones "leaves little doubt that the real purpose behind his claim is to seek a delay of his execution, not merely to effect an alteration of the manner in which it is carried out." [citing Judge Thompson's order].

<u>Id.</u> (emphasis added).   The Court noted numerous similar lawsuits filed much earlier in various parts of the country as further evidence that Jones was on notice of his claim.  <u>Id.</u>  The Court held further that the confidentiality of Alabama's execution protocol was no excuse for Jones's delay. <u>Id.</u>

In the same manner, there is support for <u>Cooey</u> in a stay-of-execution decision from the United States Supreme Court.  In <u>Gomez v. United States Dist. Court for Northern Dist. of Cal.</u>, 513 U.S. 653 (1992), the Court held that an inmate was not entitled to a stay that was sought to allow the trial court to consider a § 1983 claim challenging the constitutionality of California's use of the gas chamber.  The Court left open the question whether the inmate's claim was cognizable under § 1983, but vacated the stay nonetheless because of the inmate's delay in filing

suit: "This claim could have been brought <u>more than a decade ago</u>." <u>Id.</u> at 654 (emphasis added). The Court made that statement in an opinion published on April 21, 1992, a matter of weeks after the Court denied certiorari with respect to the inmate's habeas petition. <u>See</u> <u>Harris v. Vasquez</u>, 503 U.S. 910 (1992). According to the Supreme Court, the inmate's claim ripened / accrued "more than a decade" prior to the end of habeas review.

These same arguments were recently presented to another District Judge in this District in <u>Jones v. Allen</u>, No. 2:06-cv-986-MHT-TFM. The inmate in that case (Jones) filed a § 1983 claim virtually identical to the one presented here and did so while his petition for certiorari was pending in the United States Supreme Court. Defendants moved for summary judgment soon after the <u>Cooey</u> decision was released and argued that Jones's claim was barred by the statute of limitations. Judge Thompson, while denying Jones's motion for a stay of execution, denied Defendants' Motion for Summary Judgment and held that the statute of limitations was no bar to Jones's claim. Doc. 86; ___ F.Supp.2d ___, 2007 WL 1140416 (Apr. 17, 2007). He reasoned that the claim was more in the nature of a request for injunctive relief against a future harm, rather than a claim concerning a prior harm. <u>Id.</u> Defendants respectfully disagree with Judge Thompson's ruling. Defendants did not appeal that ruling and the Eleventh Circuit did not reach the question when affirming the denial of Jones's motion for a stay of execution. ___ F.3d at ___, 2007 WL 1225393.


## V.    WILLIAMS'S CLAIMS ARE ALSO BARRED BY LACHES.

Plaintiffs' claims are also due to be dismissed based on the doctrine of laches.[3]  A claim is barred by laches if the following three elements are present: "(1) a delay in asserting a right or

---

[3] Plaintiff may argue that Defendants' two theories, laches and statute of limitations, are inconsistent.  To that extent, Defendants' grounds should be considered as alternative theories.

a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." Kason Indus., Inc. v. Component hardware Group, Inc., 120 F.3d 1199, 1203 (11th Cir. 1997). The first two elements are met because Plaintiff knew or should have known of his claim in 2002 when his sentence changed to lethal injection by operation of law. At that time, Williams had a petition for a writ of habeas corpus pending in district court. He could have asserted his claims much earlier and there is no excuse for his having failed to do so.

The unreasonable delay has likewise caused Defendants undue prejudice. "Both the State and the victims of crime have an important interest in the timely enforcement of a sentence." Hill v. McDonough, 547 U.S. __, __, 126 S.Ct. 2096, 2104 (2006). Alabama has a "significant interest in meting out a sentence of death in a timely fashion." Nelson v. Campbell, 541 U.S. 637, 644 (2004). Similarly, the public has an interest in seeing Williams held accountable for their crimes. Williams's lawsuit, asserted at the eleventh hour, will impede these interests.

As Judge Thompson recently recognized in Jones v. Allen, this is not the type of case that can be squeezed into a few months, but instead will add years to the delay:

> Jones maintains that this case can be resolved in this court on the merits within two to three months. The court finds such an assertion dubious. First, if the court were to find in favor of Jones on the merits, fashioning relief (that is, reviewing the State's adoption of a new protocol for lethal injection) would take much more than three months. Second, regardless of whether Jones prevailed or not, an appeal would be certain and would add months, if not years, to this litigation. As a result, the State would be looking at one or more years, beyond the 28 years that have already passed, before it could carry out its judgment of execution.

No. 2:06-cv-986-MHT-TFM, Doc. 86 at 36; 2007 WL 1140416.

The Eleventh Circuit agreed with Judge Thompson's assessment:

> Waiting to file suit until the Supreme Court has denied *certiorari* review of an inmate's federal habeas petition, or, as Jones did, waiting until a petition for *certiorari* has been pending for over three months, is simply too late to avoid the

12

inevitable need for a stay of execution. *See Harris v. Johnson,* 376 F.3d 414, 417 (5th Cir.2004) ("The brief window of time between the denial of certiorari and the state's chosen execution date ... is an insufficient period in which to serve a complaint, conduct discovery, depose experts, and litigate the issue on the merits."). The district court made a factual finding that adjudicating Jones's claim in the trial court would take "much more than three months" and that a subsequent appeal "would add months, if not years, to this litigation." *Jones,* slip op. at 37. We agree and thus cannot say that Jones's suit was filed in time to allow full adjudication without the need for a stay of execution.

Jones v. Allen, ___ F.3d ___, 2007 WL 1225393 n.2 (Apr. 27, 2007).  The Court noted further,

If this court were to grant the motion to stay to allow Jones to proceed on his § 1983 challenge in district court, the implementation of the State's judgment would be delayed many months, if not years. Jones, in essence, would receive a reprieve from his judgment. *See Thompson v. Wainwright,* 714 F.2d 1495, 1506 (11th Cir.1983) (observing that "[e]ach delay, for its span, is a commutation of a death sentence to one of imprisonment"). The State and the surviving victims have waited long enough for some closure to these heinous crimes. We will not interfere with the State's strong interest in enforcing its judgment in this case.

Jones, ___ F.3d at ___.

Thus, the State and the victims of plaintiffs' crimes have a recognized and powerful interest in the timely enforcement of the plaintiffs' duly-adjudicated sentences.  This interest is impeded, and thus prejudice is caused, by the plaintiffs' unreasonable delay in filing their lethal-injection challenge, because the case cannot be concluded before the inevitable date of execution.

It is true that no date has yet been set for Williams's execution.  That does not, however, mean that Defendants have not been or cannot be prejudiced.  Williams has exhausted all review available to him and Alabama has moved for an execution date, and Williams knows that an execution date is eminent:

We agree with the district court's finding of fact that one of the most naturally foreseeable risks facing an inmate who waits to file his method-of-execution challenge until many months after his federal habeas petition has been denied on appeal is that an execution date will be set during the pendency of the proceedings, thus necessitating the entry of a stay if full adjudication and an

appeal are to be had. This risk is particularly foreseeable in Alabama, where the Alabama Supreme Court is authorized to enter an order fixing an inmate's date of execution "at the appropriate time." Ala. R.App. P. 8(d) ("The supreme court *shall at the appropriate time* enter an order fixing a date of execution." (emphasis added)). It is common practice in Alabama for the State to seek an execution date soon after the Supreme Court denies *certiorari* review of an inmate's federal habeas petition. As a matter of common sense, completion of collateral review eliminates the last possible obstacle to execution, and Jones should have foreseen that the execution date would likely be set promptly upon completion of collateral review. Although Jones suggests that the State acted inappropriately in seeking an execution date in this case, we note that the district court expressly found as a fact that "there is no evidence in this case that the State sought and obtained an execution date for Jones in bad faith." *Jones v. Allen,* No. 2:06-cv-00986-MHT-TFM, slip. op. at 37 (M.D. Ala. April 17, 2007).

Jones v. Allen, ___ F.3d at ___, n.2.  The pendency of this action, then, will interfere with the

State's interest in seeing its judgments carried out.  The lateness of the filing prejudices the

Defendants, and this action is due to be dismissed on grounds of laches.

.       Williams filed this action seventeen years after his conviction for capital murder; fifteen

years after his direct appeal ended; seven years after the end of his state Rule 32 review; six years

after he initiated habeas proceedings; five years after the State of Alabama made lethal injections

its method of execution.  He filed <u>after</u> the conclusion of habeas review and <u>after</u> the State moved

for an execution date.  Binding Eleventh Circuit precedent provides that Williams could have

filed his claim earlier and that he should have known that the State would move for execution.

Now, the case cannot be litigated to conclusion without prejudicing the State, without requiring a

stay and interfering with the State's interest in enforcement of its judgment.  Laches, then, is an

absolute bar and requires dismissal.


## VI.    CONCLUSION.

Enough is enough.  Williams, and others like him, had years to bring this claim.  He

knew of his cause of action as early as 2002 and he knew that the State would move for an

execution date at the end of habeas review. The law should not allow him to delay his sentence with a lawsuit that could have been filed much earlier.

As these claims are proceeding now, the issue is being resolved with motions to stay executions. There is no ruling (other than <u>Cooey</u>) that sets a bright-line rule, so the cases proceed until the state sets an execution date and the plaintiff moves for a stay of execution. The parties then rush through an appeal of the stay order, file last-minute briefs, and then the Eleventh Circuit denies a stay. At least the Eleventh Circuit has denied stays to similarly-situated inmates in every case that has reached it, but the inmates hold out hope and continue to file these actions on the eve of execution. They will continue to do so.

There is a better way. That way is to follow the <u>Cooey</u> court and establish a date certain by which these claims must be filed. Defendants urge this Court to establish that rule by holding that Williams's claims are barred by the statute of limitations or laches.[4] A bright-line rule would be wholly consistent with Eleventh Circuit precedent, would protect the interests of the State and the victims of crimes in seeing sentences carried out without unnecessary delay, and would allow these claims to be litigated at a pace that would result in a more thoughtful and thorough record.

For these reasons, the Defendants respectfully request this motion be granted.

---

[4] Defendants do not run from this cause of action. They are confident that Alabama's execution protocol passes constitutional muster and are not at all opposed to a court considering the procedures on the merits. However, Defendants object to *this Plaintiff* being allowed to go to trial when he filed suit so late in the day that the matter cannot realistically be litigated to conclusion (*i.e.*, discovery, summary judgment, trial, final judgment, appeal, certiorari) without issuance of a stay (and this Plaintiff is not entitled to a stay). If the Court determines that Williams's claims are time-barred, that does not mean that this claim will never be heard. It means only that it must be brought by an inmate who is at a different stage in the process and who has not waited too late to file his claim. Death row inmates will then know that claims of this sort must be presented in time to be decided before the execution date, and the Court and parties will not face an endless stream of expedited last-minute lawsuits.

Respectfully submitted,

TROY KING
ALABAMA ATTORNEY GENERAL


/s/  J. CLAYTON CRENSHAW
J. Clayton Crenshaw  (CRE007)
James W. Davis  (DAV103)
Assistant Attorney General

OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: ccrenshaw@ago.state.al.us
          jimdavis@ago.state.al.us

**CERTIFICATE OF SERVICE**

This is to certify that on the 7th day of May, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

Joel L. Sogol, Esq.
811 21st Avenue
Tuscaloosa, AL  35401
(205) 345-0971
jlsatty@wwisp.com


/s/  J. CLAYTON CRENSHAW
J. CLAYTON CRENSHAW
ASSISTANT ATTORNEY GENERAL

OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7423 Office
(334) 353-3637 Fax
ccrenshaw@ago.state.al.us

IN THE SUPREME COURT OF ALABAMA

EX PARTE LUTHER J. WILLIAMS )
                            )
In re: State of Alabama,    )
                            )
            Petitioner,     )
                            )        No. _____
v.                          )
                            )
Luther Jerome Williams,     )
                            )
            Respondent.     )

## MOTION TO SET AN EXECUTION DATE

Pursuant to Rule 8(d)(1) of the Alabama Rules of Appellate Procedure, the State of Alabama respectfully requests this Honorable Court to set an execution date for carrying out Luther Jerome Williams's sentence of death. In support of its motion, the State asserts the following:

1.    Luther Jerome Williams currently resides on Alabama's Death Row, where he has spent the past 17 years. As described below, Williams murdered John Robert Kirk "execution style" in January 1988.  In November 1989, Williams was found guilty of intentional murder during a robbery, and he was sentenced to death.  See Ala. Code § 13A-5-40(a)(4).  Because Williams has exhausted all three layers of appellate review (direct appeal, Rule 32, and federal habeas) the State seeks execution of that sentence.

*Facts of the Crime*

2.    On January 22, 1988, Williams stole an automobile from a motel parking lot, and the trunk of the stolen vehicle contained a .22 caliber pistol.  See Williams v. State, 601 So. 2d 1062, 1065-66 (Ala. Crim. App. 1991). The next morning, John Robert Kirk stopped his pick-up truck on the side of the interstate while on his way home from work.  Id.  Williams and two other men saw Mr. Kirk parked on the side of the road, and they stopped to rob him.  Id.  Upon confronting his victim, Williams led Mr. Kirk into a nearby wooded area, where he shot Mr. Kirk in the head, "execution style," with the .22 caliber pistol he had stolen the night before.  Id.  The trio then stole Mr. Kirk's money and his truck, leaving Mr. Kirk's body lying in the woods.  Id.

*Sentencing Facts*

3.    Williams's jury recommended a sentence of death by a 10-2 vote.  (R-DA 1150)  In following the jury's recommendation, the Honorable Joseph A. Colquitt found the existence of two aggravating circumstances:  1) Williams

committed the murder while under a sentence of imprisonment;

and, 2) Williams murdered Mr. Kirk during the commission of

a robbery.    See Ala. Code § 13A-5-49(1), -49(4) (1994) (R-

DA. 1429).    Judge Colquitt found the existence of, and

considered, four non-statutory mitigating circumstances: 1)

Williams's anti-social personality disorder; 2) Williams did

not have a "significant prior history of assaultive or

violent conduct;" 3) Williams did not have a stable family

life during his childhood; and 4) Williams's extensive abuse

of alcohol and drugs.    (R-DA. 1433)    Judge Colquitt found

these mitigating circumstances "to be weak and

unpersuasive"; thus, he was "unable to find the kind of

mitigating facts which would justify the imposition of a

sentence of life imprisonment without parole."    (R-DA. 1433-

34)    As a result, Judge Colquitt sentenced Williams to death

because "[t]he statutory aggravators far outweighed the

mitigating facts."    (R-DA. 1434)


### Procedural History

4.    Direct Appeal: The Alabama Court of Criminal

Appeals affirmed Williams's conviction and sentence on June

14, 1991.    See Williams, 601 So. 2d at 1087.    This Court

denied Williams's petition for a writ of certiorari on March 6, 1992. See Ex parte Williams, 662 So. 2d 929 (Ala. 1992). The United States Supreme Court denied Williams's petition for a writ of certiorari on November 2, 1992. See Williams v. Alabama, 506 U.S. 957, 113 S. Ct. 417 (1992).

5. Rule 32 Petition: Williams filed a Rule 32 petition with the Tuscaloosa County Circuit Court on April 8, 1994 and an amended petition on July 6, 1994. (R32. 127-63) The Honorable Robert Harwood, Jr. conducted an evidentiary hearing on Williams's amended petition on August 13-14, 1997. Judge Harwood denied Williams's amended petition on March 22, 1999. The Alabama Court of Criminal Appeals affirmed Judge Harwood's order denying Williams's petition on March 30, 2000. See Williams v. State, 783 So. 2d 108 (Ala. Crim. App. 2000). This Court denied Williams's petition for a writ of certiorari on October 27, 2000. See id. at 108.

6. Federal Habeas: Williams filed a petition for a writ of habeas corpus with the United States District Court for the Northern District of Alabama on March 29, 2001 and amended his petition on June 7, 2001. The Honorable Inge Johnson denied Williams's request for an evidentiary

4

hearing and denied and dismissed Williams's petition with prejudice on April 20, 2005.  The United States Court of Appeals for the Eleventh Circuit affirmed the district court's denial of habeas relief on August 2, 2006.  See Williams v. Allen, 458 F.3d 1233 (11th Cir. 2006)  The United States Supreme Court denied Williams's petition for a writ of certiorari on March 26, 2007.  (Exh. A)

7.    As shown above, Williams has exhausted all three avenues of appellate relief.  Furthermore, the State is unaware of any pending court proceedings involving Williams in either State or Federal court.[1]  Accordingly, it is the "appropriate time" for this Court to enter an order setting a date to execute Williams's sentence.  Ala. R. App. P. 8(d)(1).

---

[1]The State is unaware of Williams filing a civil action under 42 U.S.C. § 1983.  Even if Williams does so, this Court should set an execution date as it did with Larry Eugene Hutcherson, and the State avers that any attempt by Williams to stay this Court's order by filing a last-minute § 1983 action would be properly litigated -- and denied -- in federal court.  See Hutcherson v. Riley, 468 F.3d 750, 755 (11th Cir. 2006)(denying Hutcherson's motion for a stay of execution because he "waited until the eve of his execution to request relief").

5

*Conclusion*

Under Rule 8(d)(1) of the Alabama Rules of Appellate Procedure, the State requests this Court "enter an order fixing a date of execution, not less than 30 days from the date of the order execution."

Respectfully submitted,

TROY KING
Attorney General

Corey L. Maze
Assistant Attorney General

6

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of April, 2007, I did serve a copy of the foregoing on the Respondent and the attorneys for the Respondent, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Christopher H. Little & Scott K. Pomeroy
Little, Medeiros, Kinder, Bulman, & Whitney, P.C.
72 Pine Street
Providence, RI 02903

Joel L. Sogol
811 21st 35401
Tuscaloosa, AL 35401

Luther Jerome Williams
AIS # 00Z513
Holman Correctional Facility
Atmore, AL 36503-3700


_____
Corey L. Maze
*Assistant Attorney General*


ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

# EXHIBIT

**Exhibit A:**    March 26, 2007 notification that the
United States Supreme Court denied
Williams's petition for a writ of
certiorari from the decision of the
Eleventh Circuit Court of Appeals

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

March 26, 2007

Mr. J. Clayton Crenshaw
Alabama State House
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130-0152

Re:  Luther J. Williams
     v. Richard F. Allen, Commissioner, Alabama Department of
     Corrections
     No. 06-8439

Dear Mr. Crenshaw:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

*William K. Suter*

William K. Suter, Clerk