IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LUTHER JEROME WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:07-cv-307-MEF-SRW |
| ) | |
| RICHARD ALLEN, Commissioner ) | |
| Alabama Department of Corrections, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS TO ADDRESS THE MAY 21, 2007,
MEMORANDUM OPINION IN *GRAYSON V. ALLEN***

Pursuant to this Court's order of May 23, 2007, (Doc. #10), Plaintiff Luther Jerome Williams submits this supplemental brief in further opposition to Defendants' motion to dismiss (Doc. #6). The recent decision in Grayson v. Allen, 2007 WL 1491009 (M.D. Ala. May 21, 2007), dismissing another death-row inmate's § 1983 challenge to Alabama's method of execution should have no bearing on this Court's adjudication of the laches issues raised in Defendants' motion. The Grayson decision is factually distinguishable, procedurally inapposite, and contains several errors of law.

1. **Grayson is factually distinguishable from this case.**

As the Grayson court emphasized, Mr. Grayson's situation was "unique[]" in that before filing his execution-method challenge in November 2006, he had already fully litigated, appealed, and sought certiorari in an earlier round of unrelated § 1983 claims. Grayson, 2007 WL 1491009 at *3. Mr. Grayson's habeas review ended at the Supreme Court in June 2002, and the State first moved to set his execution date in August 2002. *Id.* at *2. Had Mr. Grayson filed his execution-method challenge promptly upon the conclusion of his habeas appeals and the

1

State's motion to set an execution date, he might have used the intervening four-and-a-half years between then and now to discover and litigate the claims most recently dismissed. Here, in contrast, Mr. Williams filed this case—his first and only § 1983 suit—a mere fifteen days after his habeas review had concluded and just six days following the State's motion to set an execution date. Mr. Williams promptly filed upon the conclusion of his federal habeas appeal, but Mr. Grayson did not.

The judge in Grayson apparently felt that the plaintiff's delay in filing his execution-method suit until after the conclusion of his first round of post-habeas § 1983 litigation gave rise to an inference that Mr. Grayson's suit was commenced for dilatory purposes. *See, e.g., id.* at *9. No such inference can be drawn here, nor should any such inference be drawn against Mr. Williams in the context of a Rule 12 motion to dismiss. *See, e.g.,* Levine v. World Financial Network Nat'l Bank, 437 F.3d 1118, 1120 (11th Cir. 2006)("When considering a motion to dismiss, . . . all inferences are viewed in the light most favorable to the plaintiff.").

2. **Grayson's procedural posture differs materially from the procedural posture here.**

In Grayson, the laches question was before the Court on a Rule 56 motion for summary judgment. Under Rule 56, once the moving party shows that there are no genuine issues of material fact, the burden of going forward may shift to the non-moving party to adduce evidence of a material factual dispute. *See, e.g.,* Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986). Here, of course, Mr. Williams, carries no such evidentiary burden in opposing Defendants' Rule 12 motion because the Court's inquiry is confined to the allegations in the complaint. *See, e.g.,* Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir.1998). Indeed, the Grayson court recognized that other federal courts hearing similar execution-method challenges have uniformly rejected the laches argument when made at the motion-to-dismiss stage. Grayson, 2007 WL 1491009 at *5.

Highlighting the different procedural posture in Grayson, the parties there submitted evidentiary materials regarding the merits of the case, including expert declarations. *See* Grayson, 2007 WL 1491009 at *8 & n.15. Mr. Grayson had the benefit of some, though not full, discovery, and the Court characterized his evidentiary submissions as "substantial." *Id.* at *12. Here, Mr. Williams has not yet had the opportunity for discovery and, due to the highly-restrictive protective orders entered in the other pending cases, he does not even have access to discovery the Defendants have provided to the other inmate plaintiffs.

**3.     Grayson contains several errors of law.**

With all due respect to the Grayson court, the laches analysis in Grayson should be disregarded because it is legally flawed.

First, the Grayson court erred in applying state law rather than federal law. In choosing state law, the Court mistakenly saw no "federal interest" in determining what equitable time-bar applied to a federal statute that authorizes claims for alleged violations of the federal Constitution. *See* Grayson, 2007 WL 1491009 at *5 & n.10. The choice of state law also runs afoul of the Supreme Court's guidance in Wilson v. Garcia, 471 U.S. 261 (1985), that "Only the length of the [statutory] limitations period, and closely related questions of tolling and application, are to be governed by state law." *Id.* at 269; *see also* Patton v. Jones, 2006 WL 2246441 at *4 (W.D. Okla. Aug. 4, 2006)(applying federal law for laches analysis); Nooner, Case No. 5:06-cv-00110, Doc. #24 at 6 (E.D. Ark. June 19, 2006)(same). Under federal law, laches does not generally apply where, as here, there is already an applicable statute of limitations. *See, e.g.*, Equal Employment Opportunity Comm'n v. Dresser Indus., Inc., 668 F.2d 1199, 1201 (11th Cir. 1982).

Even assuming state law provides the proper rule of decision, the Grayson court misapplied Alabama's laches jurisprudence. In Grayson, the Court cites Gayle v. Pennington, 64

3

So. 572 (Ala. 1914), for the proposition that laches may bar a claim even if the applicable statute of limitations has not yet run. However, Gayle itself makes clear that laches does not attach *before* the alleged injury has occurred or *before* the statutory limitations period commences. As explained in Gayle, laches may be grounds for dismissal of stale claims "although the time which has elapsed *since the alleged injury* is less than that which is made a bar by the statute of limitations." Id., 64 So. at 577 (emphasis added). In Gayle the plaintiffs had filed suit for breach of a twenty-five-year-old oral agreement where the allegedly injurious real estate transactions had occurred eleven and sixteen years earlier. Id. at 575–76.

Indeed, all of the Alabama laches cases cited in Grayson involve claims that were filed years, even decades, *after* the alleged injuries *occurred*. See, e.g., Ex Parte Lightwave Tech., L.L.C., ___ So. 2d ___, 2007 WL 1229206 at *8 (Ala. April 27, 2007)("20-plus year delay"); Ex Parte Grubbs, 542 So. 2d 927, 928 (Ala. 1989)("This proceeding was initiated 36 years after the alleged denial of Grubbs's constitutional right."); Merrill v. Merrill, 71 So. 2d 44, 46 (Ala. 1954)(holding that laches *did not* bar a claim filed more than nineteen years after the alleged injury); Veitch v. Woodward Iron Co., 76 So. 124, 127–28 (Ala. 1917)(suit brought in 1916 on cause of action that accrued in 1879 or 1882). Particularly in light of the Grayson court's adoption of the holding in Jones v. Allen, ___ F. Supp. 2d ___, 2007 WL 1140416 (M.D. Ala. April 17, 2007), as to an execution-method claim accruing at death, the Grayson court erred in using *laches* to bar Mr. Grayson's claim for a *future* injury.

The Supreme Court's decision in Nelson v. Campbell, 124 S. Ct. 2117 (2004), did not "open the door" to § 1983 challenges to Alabama's method of execution—the plaintiff there challenged the use of a so-called "cut-down" procedure that was separate from the execution itself. Indeed, the courts in this circuit did not construe Nelson as "opening the door" at the time. See, e.g., Rutherford v. Crosby, 438 F.3d 1087 (11th Cir. 2006), *vacated*, 126 S. Ct. 2915 (2006).

4

Until the Supreme Court's decision in Hill v. McDonough, 126 S. Ct. 2096 (2006), the controlling caselaw in this circuit gave every indication that § 1983 challenges to Alabama's method of execution were essentially futile.

The Eleventh Circuit in Jones, ___ F.3d ___, 2007 WL 1225393 at *4, refrained from making any determination as to precisely when a condemned prisoner's challenge to the method of his future execution becomes ripe. Even assuming, however, that such claims become ripe as soon as the relevant appellate court denies habeas relief, given what the Eleventh Circuit called the "extremely small chance of securing certiorari," Jones, 2007 WL 12225393 at *4, Mr. Williams' claim only became ripe in August 2006, whereas Mr. Grayson filed his execution-method challenge more than five years after the Eleventh Circuit denied his habeas appeal.

Assuming state law applies for laches purposes, Alabama's courts recognize that delays are reasonable and may be excused by, for example, "the pendency of another suit to enforce the same right." Gayle, 64 So. at 576. Here, in addition to the pendency of Mr. Williams' own habeas review, the fact that other death-row inmates were pursuing constitutional challenges to Alabama's method of execution works to excuse any "delay" on Plaintiff's part in waiting to see whether the State would also seek to execute him before such claims were resolved.

Next, the prejudice analysis in Grayson is also legally flawed. Although not "a mere matter of time," it is clear that laches only arises "from the difficulty of doing entire and exact justice when the original transactions have become obscure by the lapse of time and evidence may be lost." Gayle, 64 So. at 577. "For the doctrine of laches to bar a claim it must be said that from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties as to render it difficult if not impossible to do justice." Lightwave, 2007 WL 1229206 at *8 (internal quotes omitted). "Classic elements of undue prejudice, for purposes of determining the

applicability of the doctrine of laches, include the unavailability of witnesses, changed personnel, and the loss of pertinent records." Grubbs, 542 So. 2d at 929 (barring claim asserted 36 years after alleged constitutional injury because records from the time period no longer existed). The Grayson court even recognized that none of these "classic" elements were "in play," *id.*, 2007 WL 1491009 at *9, but nevertheless dismissed Mr. Grayson's complaint on laches grounds. None of the authorities cited in the Grayson decision stand for the proposition that the "temporal practicalities" of fully discovering, litigating, and appealing a case within some pre-set time limit constitute valid grounds for a laches dismissal.

Lastly, the equitable factors and interests discussed in Grayson are pertinent to stays, but not to the doctrine of laches. Even if such factors were appropriate for laches, the looming execution date in Grayson, as here, was entirely subject to the State's discretion in when it elected to seek a date. *See* Ala. R. App. P. 8(d)(1)(authorizing a date to be set "at the appropriate time"). The parties in Grayson, including the defendants, originally agreed to an eighteen-month litigation schedule, but the State then apparently took no action to prevent its then-pending motion to set Mr. Grayson's execution date from mooting its agreed schedule. Thus, the Grayson defendants were asserting an alleged prejudice that was at least partly of their own making. *Cf.* First Alabama Bank of Montgomery v. Martin, 425 So. 2d 415, 424-25 (Ala. 1982)(rejecting laches defense where delay and prejudice caused were by defendant's own failure to disclose).

      In conclusion, this Court should distinguish or disregard the <u>Grayson</u> decision and deny Defendants' motion to dismiss.

                                              Respectfully submitted,

/s/ Joel L. Sogol
Joel L. Sogol, Esq. (SOG-001)
811 21st Avenue
Tuscaloosa, AL  35401
(205) 345-0966
Fax:  (205) 345-0971
Email: jlsatty@wwisp.com

/s/ Christopher H. Little
Christopher H. Little, Esq.  (R.I. #1789)
LITTLE MEDEIROS KINDER BULMAN & WHITNEY, P.C.
72 Pine Street
Providence, RI 02903
(401) 272-8080
Fax (401) 521-3555
Email: clittle@lmkbw.com,

Counsel for Luther Jerome Williams

Dated: May 29, 2007

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of May 2007, I caused a true copy of the within Supplemental Brief in Opposition to Defendants' Motion to Dismiss to Address the May 21, 2007, Memorandum Decision in <u>Grayson v. Allen</u> to be filed electronically with the Court's CM/ECF system and thereby served upon each of the following via email:

| | |
|---|---|
| James Clayton Crenshaw, Esq.<br>(ccrenshaw@ago.state.al.us)<br>Office of the Attorney General<br>Alabama State House<br>11 South Union Street<br>Montgomery, AL 36130 | James William Davis, Esq.<br>(jimdavis@ago.state.al.us)<br>Office of the Attorney General<br>Alabama State House<br>11 South Union Street<br>Montgomery, AL 36130 |

                                              /s/ Joel L. Sogol