IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LUTHER JEROME WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:07-cv-307-MEF-SRW |
| ) | |
| RICHARD ALLEN, Commissioner ) | |
| Alabama Department of Corrections, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR A TEMPORARY STAY OF EXECUTION

Plaintiff Luther Jerome Williams hereby moves, pursuant to this Court's authority under the All Writs Act, 28 U.S.C. § 1651, for a temporary stay of execution in aid of jurisdiction to prevent this case from becoming moot before this Court has had an opportunity to hear and decide the merits of Plaintiff's case.

The All Writs Act provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a). As the Eleventh Circuit has said, "Federal Courts have both the inherent power and the *constitutional obligation* to protect their jurisdiction from conduct which impairs their ability to carry out their Article III functions." Klay v. United Health Group, Inc., 376 F.3d 1092, 1099 (11th Cir. 2004)(quoting Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986)(en banc))(emphasis added). Toward that end, the Act empowers the Court to "enjoin almost any conduct 'which left unchecked would have . . . the practical effect of diminishing the court's power to bring the litigation to a natural

1

conclusion.'" Klay, 376 F.3d at 1102 (quoting ITT Comm. Dev. Corp. v. Barton, 569 F.2d 1351, 1359 (5th Cir. 1978)).

Unlike a traditional preliminary injunction, a stay in aid of jurisdiction under the All Writs Act does not require the movant to establish a likelihood of success on the merits or any of the other traditional preliminary injunction factors. Klay, 376 F.3d at 1100–01. Instead, the movant "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." Id. at 1100. A court may grant a writ under the Act "whenever it is 'calculated in [the court's] sound judgment to achieve the ends of justice entrusted to it.'" Id. at 1100 (quoting Adams v. United States, 317 U.S. 269, 273 (1942)).

Here, Mr. Williams properly invoked this Court's jurisdiction with respect to his claim under 42 U.S.C. § 1983 that Alabama's method of execution violates his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments. *See, e.g.*, Hill v. McDonough, 126 S. Ct. 2096 (2006). Although there are other Alabama death-row inmates who are also challenging the constitutionality of Alabama's current method of execution,[1] none of those cases have yet resolved the serious constitutional issues presented here.

Subsequent to the commencement of this suit, the Alabama Supreme Court set Mr. Williams' execution for August 23, 2006. *See* Doc. # 12. As is obvious, if this Court is unable to reach and decide the merits of this case before then, the execution of Mr. Williams, as currently scheduled, will render this case moot and rob this Court of jurisdiction. Thus, to preserve its own jurisdiction, the Court should order a temporary stay, for only so long as is

---

[1] *See* McNair v. Allen, Case No. 2:06-cv-695-WKW (consolidated with Callahan v. Allen, Case No. 2:06-cv-919-WKW); Grayson v. Allen, Case No. 2:06-cv-1032-WKW; Siebert v. Allen, Case No. 2:07-cv-295-MEF.

2

necessary, to prevent Alabama from executing Mr. Williams before this Court can hear and decide the merits of Mr. Williams' case.

Mr. Williams believes that the merits of this case could be fully and fairly heard before the August 23rd execution date, but he recognizes that litigating this matter on such a schedule would be dependent upon cooperation from the Defendants with respect to discovery and other pre-trial matters which may not be forthcoming. Mr. Williams notes that rather than answering his complaint, the Defendants have moved to dismiss on statute of limitations and laches grounds. While permissible under Rule 12, the Defendants' motion will nevertheless slow the pace of this litigation and thereby delay discovery and this Court's consideration of the merits. Similarly, the Defendants' insistence on restrictive protective orders in the other § 1983 execution-method cases pending in this District have has made the discovery so far produced in those cases unavailable to Mr. Williams. A stay in aid of jurisdiction would have the salutary effect of removing any incentive for the Defendants to exploit procedural devices to delay this case in hopes of seeing it mooted before the Court can reach the merits.

At the time the State moved in the Alabama Supreme Court for an execution date, Mr. Williams objected, *inter alia*, on the grounds that this § 1983 action was already pending and that it might impose unwarranted burdens on the parties and this Court to properly litigate this case under the looming deadline of an execution date. *See* Exhibit A at 2 and 9. Having obtained an execution date over such objections, the Defendants now contend that there is inadequate time to litigate this case before the scheduled execution date and that, in any event, they will be unfairly prejudiced if this Court were to try. *See, e.g.*, Doc. #17 at 11, 14, and 16. A stay in aid of jurisdiction would remove any possibility that the Defendants might be prejudiced by "fast-track[ing]" this litigation.

This Court's jurisdiction has been invoked by Mr. Williams, and he has entrusted this Court to do justice with respect to his claims. In light of the threat that the scheduled execution date might moot this case and thereby deprive this Court of jurisdiction, this Court should order a temporary stay under the All Writs Act to achieve the narrow goal of preserving this Court's jurisdiction until such time as it can hear and decide the merits of Mr. Williams' complaint.

        Respectfully submitted,

        /s/ Joel L. Sogol
        Joel L. Sogol, Esq. (SOG-001)
        811 21st Avenue
        Tuscaloosa, AL  35401
        (205) 345-0966
        Fax:  (205) 345-0971
        Email: jlsatty@wwisp.com

        /s/ Christopher H. Little
        Christopher H. Little, Esq.  (R.I. #1789)
        LITTLE MEDEIROS KINDER BULMAN &
        WHITNEY, P.C.
        72 Pine Street
        Providence, RI 02903
        (401) 272-8080
        Fax (401) 521-3555
        Email: clittle@lmkbw.com,

        Counsel for Luther Jerome Williams

Dated: June 6, 2007

## CERTIFICATE OF SERVICE

     I hereby certify that on this 6th day of June 2007, I caused a true copy of the within Motion for a Temporary Stay of Execution to be filed electronically with the Court's CM/ECF system and thereby served upon each of the following via email:

James Clayton Crenshaw, Esq.  
(ccrenshaw@ago.state.al.us)  
Office of the Attorney General  
Alabama State House  
11 South Union Street  
Montgomery, AL 36130  

James William Davis, Esq.  
(jimdavis@ago.state.al.us)  
Office of the Attorney General  
Alabama State House  
11 South Union Street  
Montgomery, AL 36130  

/s/ Joel L. Sogol

# Exhibit A

IN THE SUPREME COURT OF ALABAMA

FILED
APR 11 2007
CLERK
SUPREME COURT OF ALABAMA

EX PARTE LUTHER J. WILLIAMS )
)
In re: State of Alabama, ) No. _____
     Petitioner, )
)
v. )
)
Luther Jerome Williams, )
     Respondent. )
)

## RESPONDENT'S MEMORANDUM IN OPPOSITION TO STATE OF ALABAMA'S MOTION TO SET AN EXECUTION DATE

Respondent Luther Jerome Williams urges this Court to deny Petitioner State of Alabama's motion to set an execution date. It is not the "appropriate time" under Rule 8(d)(1) for this Court to set an execution date because the constitutionality of Alabama's method of execution by lethal injection is currently being litigated by Respondent Williams, and other Alabama death-row inmates, in the United States District Court for the Middle District of Alabama. In his suit, Mr. Williams alleges that Alabama's method of execution violates his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

1

So long as Mr. Williams's substantial constitutional claims regarding the method of execution are being litigated in federal court, he has not exhausted all avenues of relief, and it is premature to set an execution date. It would also be intolerably unjust for the Court to order the execution of Mr. Williams by a possibly unconstitutional method when no federal court in Alabama has yet adjudicated the substantial constitutional issues raised in his federal suit. Moreover, requiring Mr. Williams to litigate the complex medical and constitutional issues presented in his federal action under the time-constraints of a looming execution date would place an unfair and unwarranted burden on Mr. Williams, his pro bono counsel, and the federal courts.

1. **Mr. Williams is currently litigating the constitutionality of Alabama's method of execution in federal court, and his federal suit was timely.**

On April 10, 2007, Mr. Williams, through counsel and pursuant to 42 U.S.C. § 1983, filed suit in the United States District Court for the Middle District of Alabama to challenge the constitutionality of Alabama's method of execution. In his complaint, Mr. Williams alleges, *inter alia*, that in violation of his rights under the Eighth and

Fourteenth Amendments to the United States Constitution, the absence of adequate standards for administration of the chemicals, the lack of qualifications of the personnel involved in the process, and the combination of the drugs the State of Alabama uses as a precursor to execution as well as for the execution itself create a grave and substantial risk that Mr. Williams will be conscious throughout the execution process and, as a result, will experience an excruciatingly painful and protracted death. (A copy of Mr. Williams's federal complaint is attached hereto as Exhibit A.)

Mr. Williams's federal suit was timely filed, and is not a "last-minute" action filed for dilatory or other improper purposes. Prior to the United States Supreme Court's denial of certiorari on March 26, 2007, any suit challenging the constitutionality of the method by which the State of Alabama proposes to execute Mr. Williams would have been premature and unripe in that habeas relief, if it had been granted, would have rendered such challenges moot. See, e.g., Texas v. United States, 523 U.S. 296, 300 (1998)("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as

anticipated, or indeed may not occur at all.")(internal quotations omitted).

Moreover, in light of the fact that the constitutionality of Alabama's method of execution is currently being challenged by several other Alabama death-row inmates in federal court,[1] it was not certain until the State of Alabama moved to set an execution date whether it would seek to execute Mr. Williams before the federal courts' final adjudication of such serious constitutional issues. The State of Alabama gave Mr. Williams no notice prior to filing its motion to set an execution date that it would seek to proceed towards an immediate execution notwithstanding the open constitutional questions that are still being litigated.

---

[1] In addition to Mr. Williams's federal action, counsel is aware of at least four other § 1983 suits challenging the constitutionality of Alabama's method of execution currently pending in the United States District Court for the Middle District of Alabama. These are Grayson v. Allen, Case No. 2:06-CV-01032-WKW; Jones v. Allen, Case No. 2:06-CV-986-MHT; Callahan v. Allen, Case No. 2:06-CV-919-WKW; and McNair v. Allen, Case No. 2:06-CV-695-WKW.

2. **Mr. Williams's execution should not be scheduled or conducted before final adjudication of his federal action.**

In light of Mr. Williams's timely constitutional claim, it is not now the "appropriate time," under Alabama Rule of Appellate Procedure 8(d)(1), for setting an execution date.

Mr. Williams's federal suit raises important questions regarding whether Alabama's method of execution violates his rights under the Eighth and Fourteenth Amendments to the United States Constitution. His is a cognizable federal claim pursuant to the United States Supreme Court's opinion in Hill v. McDonough, 126 S. Ct. 2096, 2100 (2006); see also Estelle v. Gamble, 429 U.S. 97, 102 (1976)(Eighth Amendment requires courts to assess "evolving standards of decency that mark the progress of a maturing society"); Gregg v. Georgia, 428 U.S. 153, 173 (1976)(Eighth Amendment prohibits infliction of unnecessary and wanton pain); Trop v. Dulles, 356 U.S. 86, 101 (1958)(same).

Although there are other Alabama death-row inmates currently challenging the constitutionality of Alabama's execution method, there has not yet been any final adjudication that resolves the substantial constitutional doubts that surround Alabama's lethal injection procedures.

5

Particularly in the absence of federal guidance on the specific issues raised in Mr. Williams's federal action, this Court should be extremely reluctant to set an execution date which might foreclose or severely restrict his ability to fully discover and present evidence bearing on such important questions.

The importance and substantial nature of the issues raised in Mr. Williams's federal action are demonstrated, for example, by decisions of federal courts that have found the lethal injection procedures used by other states to be constitutionally deficient. See <u>Morales v. Tilton</u>, 4655 F. Supp. 2d 972, 981 (N.D. Cal. 2006)(finding that implementation of California's lethal injection protocol creates "an undue and unnecessary risk of an Eighth Amendment violation" which is "intolerable under the Constitution"); <u>Taylor v. Crawford</u>, Case No. 05-4173-CV-C-FJG, 2006 WL 1779035 (W.D. Mo. June 26, 2006)(concluding that "Missouri's lethal injection procedure subjects condemned inmates to an unnecessary risk that they will be subject to unconstitutional pain and suffering when the lethal injection drugs are administered").

Even where prisoners' execution dates have been set, other courts have concluded that the seriousness of similar constitutional challenges to lethal injection warrant staying the executions until such time as the constitutional questions can be fully litigated. *See* Nooner v. Norris, Case No. 5:06-CV-00110-SWW (E.D. Ark. June 26, 2006); Jackson v. Taylor, Case No. 06-300-SLR, 2006 WL 1237044 (D. Del. May 9, 2006).

In addition, the substantial questions surrounding whether lethal injection procedures adequately protect condemned prisoners' Eighth Amendment rights have led the Governors of other states to stop the use of lethal injection pending thorough investigation and review. *See* Tenn. Exec. Order No. 43 (Feb. 1, 2007)(suspending executions by lethal injection pending "a comprehensive review of the manner in which death sentences are administered in Tennessee"); Fla. Exec. Order No. 06-260 (Dec. 15, 2006)(suspending execution pending a review of the method in which lethal injection protocols are administered to ensure that the "administration of death by lethal injection comports with the United States and Florida Constitutions"). In Florida, for example, Governor

Jeb Bush issued an executive order to prevent further lethal injection executions after the botched execution of Angel Diaz on December 13, 2006. From the initial administration of the lethal cocktail, 34 minutes passed before Mr. Diaz died. Realizing that the first dose was improperly inserted, the State of Florida tried a second injection, which was also improperly inserted. A subsequent autopsy revealed chemical burns of eleven and twelve inches on Mr. Diaz's left and right arms, where the toxins flowed into his flesh and not his veins.

In light of the substantial nature of the constitutional challenges raised by Mr. Williams and the irreparable nature of the potential harm, Mr. Williams should not be executed before his pending federal case has been fully adjudicated, and this Court should deny the State of Alabama's premature motion to set an execution date at this time. Regardless of whether Mr. Williams ultimately prevails, fundamental justice requires that he be given an opportunity to exercise his federal right to contest the constitutionality of Alabama's execution method.

3. **Mr. Williams and his pro bono counsel should not be required to litigate the federal action under any artificial time limit imposed by an order setting an execution date.**

To require Mr. Williams to litigate his substantial constitutional claims in federal court under an artificial deadline set by an ordered execution date would impose and unfair and unwarranted burden on Mr. Williams and his pro bono counsel. Undersigned counsel has represented Mr. Williams throughout the state and federal post-conviction process, and counsel is now diligently pursuing Mr. Williams's pending federal action. An order setting an execution date could force Mr. Williams to attempt to litigate his federal action in a rushed and attenuated fashion that may be inadequate to allow the full discovery and presentation of evidence bearing on his claim. Moreover, a pending execution date could also unfairly burden the federal court with unreasonable time limitations for its consideration of the complex issues in the case.

### Conclusion

For the foregoing reasons, the Court should deny the State of Alabama's motion to set an execution date, and order that no execution date be set until such time as

there has been a final resolution of Mr. Williams's pending federal claims.

Respectfully submitted,

/s/ Joel L. Sogol

Joel L. Sogol, Esq. (SOG-001)
811 21st Avenue
Tuscaloosa, AL  35401
(205) 345-0966
Fax:  (205) 345-0971
jlsatty@wwisp.com

Counsel for Luther Jerome Williams

Dated:    April 11, 2007

### CERTIFICATE OF SERVICE

I certify that on April 11, 2007, I served a copy of the foregoing Memorandum in Opposition to State of Alabama's Motion to Set an Execution Date by sending a copy by first-class prepaid United States mail to:

Corey L. Maze
Assistant Attorney General
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130

/s/ Joel L. Sogol

10