IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LUTHER JEROME WILLIAMS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:07-cv-307-MEF-SRW |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
| DEFENDANT. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion for a Temporary Stay of Execution (Doc. # 18) filed on June 6, 2007 by Plaintiff Luther Jerome Williams ("Williams"). Defendants have filed their opposition to this motion. For the reasons set forth in this Memorandum Opinion and Order, the motion is due to be DENIED.

On November 30, 1989, Williams was convicted of the murder of John Robert Kirk. On February 12, 1990, Williams was sentenced and received the death penalty. In the years that followed, Williams has unsuccessfully pursued his direct appeal and a Rule 32 petition. Additionally, in March of 2001, he filed a federal habeas corpus petition, which he amended at least once during its pendency. In July of 2002, while Williams federal habeas corpus petition was still pending, Alabama changed its method of execution to lethal injection. Williams did not amend his federal habeas corpus petition to challenge the state's use of lethal injection as the method of execution. In 2005, Williams' federal habeas corpus petition was denied and dismissed. He unsuccessfully appealed that ruling to the Eleventh

Circuit Court of Appeals. When that failed, he filed a petition for writ of certiorari with the United States Supreme Court. On March 26, 2007, the United States Supreme Court denied that petition. On April 4, 2007, the State of Alabama filed a motion with the Alabama Supreme Court asking it to set an execution date for Williams, which Williams opposed.

On April 10, 2007, Williams filed this lawsuit which is brought pursuant to 42 U.S.C. § 1983 and alleges that Williams' rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution would be violated if the State of Alabama uses its current lethal injection protocol to execute him. By this suit, Williams seeks injunctive relief to enjoin Defendants from executing him with inadequate anesthesia and execution procedures that violate the Eighth Amendment prohibition against cruel and unusual punishment, a declaratory judgment that Defendants' execution procedures violate the Eighth Amendment prohibition against cruel and unusual punishment, and attorneys' fees. Defendants have filed a motion to dismiss this action on a variety of grounds.

On May 21, 2007, the Alabama Supreme Court entered an Order setting an execution date for Williams on August 23, 2007. On June 6, 2007, Williams filed the instant motion seeking a temporary stay of his execution for long enough to allow him to litigate the merits of his claim that Alabama's method of execution is unconstitutional. In support of this temporary stay, Williams invokes the All Writs Act, 28 U.S.C. § 1651. Defendants oppose the temporary stay.

The All Writs Act states "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A litigant seeking injunctive relief under the All Writs Act, "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004). *Accord, Diaz v. McDonough*, 472 F.3d 849, 851 (11th Cir. 2006).

Williams in not the first inmate facing death by lethal injection who filed a lawsuit pursuant to 42 U.S.C. § 1983 and asked that his execution be stayed pending the resolution of his lawsuit. The Eleventh Circuit Court of Appeals faced that very same situation in *Diaz*. In that case, the Circuit held that the equities did not support granting an temporary injunction delaying the execution under the All Writs Act. 472 F.3d at 851. This ruling was based on the Eleventh Circuit's finding that Diaz knew or should have known of the grounds for his claim long before he filed his complaint and therefore could not claim that he could not have filed his federal complaint at an earlier date that would have allowed the courts to address the complaint on the merits without the necessity of a stay. *Id.* Once Alabama adopted lethal injection as its primary method of execution, Williams could have brought this claim.[1] He elected not to do so until years after the State of Alabama had asked the Alabama

---

[1] In the alternative, Williams could have amended his then pending federal habeas corpus petition to include a challenge to Alabama's new method of execution.

Supreme Court to set an execution date. Like *Diaz*, Williams could have filed his complaint at an earlier date that would have allowed this court to address the complaint on the merits without the necessity of a stay. Williams in no more entitled to a temporary stay of execution under the All Writs Act than Diaz was. Accordingly, it is hereby ORDERED that the Motion for a Temporary Stay of Execution (Doc. # 18) is DENIED.

DONE this the 10th day of July, 2007.

            /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).