CORRECTED

ORIGINAL

RECEIVED
2007 SEP 21 A 11: 21

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 21 2007
THOMAS K. KAHN
CLERK

WILLIAMS v. ALLEN                                                    3341

Luther Jerome WILLIAMS,
Plaintiff–Appellant,

v.

Richard ALLEN, Commissioner for Alabama Department of Corrections, in his official and individual capacity, Grantt Culliver, Warden, Holman Correctional Facility, in his individual and official capacity, Defendants–Appellees.

No. 07-13638.

United States Court of Appeals,
Eleventh Circuit.

Aug. 21, 2007.

**Background:** Death row inmate brought § 1983 action challenging state's proposed lethal injection method of execution. After denying inmate's motions for temporary stay of execution, the United States District Court for the Middle District of Alabama, No. 07-00307-CV-MEF-SRW, Mark E. Fuller, Chief Judge, 2007 WL 2206846, dismissed action. Inmate appealed, and his second motion for temporary stay of execution was denied by the Court of Appeals.

**Holding:** The Court of Appeals, Dubina, Circuit Judge, held that inmate's delay in filing § 1983 action challenging state's proposed method of execution was unreasonable.

Affirmed.

Barkett, Circuit Judge, filed dissenting opinion.

**1. Injunction** ⚖1

Injunctive relief is an equitable remedy that is not available as a matter of right.

**2. Civil Rights** ⚖1382

Equitable principles at issue when inmates facing imminent execution delay in raising their § 1983 method-of-execution challenges are equally applicable to requests for both stays and injunctive relief. 42 U.S.C.A. § 1983.

**3. Civil Rights** ⚖1382

Death row inmate's delay in filing § 1983 action challenging state's proposed lethal injection method of execution was unreasonable, thus precluding relief on equitable grounds; inmate should have been aware of potential need for stay of execution upon filing his petition for writ of certiorari in the United States Supreme Court, challenge could have been brought prior to Supreme Court decision clarifying that inmate could challenge execution method in a § 1983 action, state's execution method was sufficiently known to inmate, and allegedly evolving standards of decency were no basis for delaying suit. 42 U.S.C.A. § 1983.

Appeal from the United States District Court for the Middle District of Alabama.

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

DUBINA, Circuit Judge:

Plaintiff Luther Jerome Williams ("Williams") is an Alabama death row inmate scheduled for execution by lethal injection on August 23, 2007. On April 4, 2007, the State of Alabama (the "State") filed its motion with the Alabama Supreme Court to set an execution date. On April 20, Williams filed a 42 U.S.C. § 1983 complaint in federal district court, challenging the State's method of exe-

Synopsis, Headnotes and Key Number Classification
COPYRIGHT © 2007 Thomson/West

The Synopsis, Headnotes and Key Number Classification constitute no part of the opinion of the court.

cution. The State filed a Motion to Dismiss on May 7, alleging that Williams's complaint was barred by either laches or the statute of limitations. On June 6, Williams filed a motion in district court seeking a temporary stay of execution, which the district court denied on July 10. The district court subsequently granted the State's Motion to Dismiss Williams's § 1983 complaint. Williams lodged an appeal with this court on August 6 and requested a temporary stay of execution pending the disposition of his appeal. We denied his motion for a temporary stay of execution on August 10. After an expedited briefing schedule, we now affirm the district court's judgment dismissing Williams's § 1983 action.

## I. BACKGROUND

The details of Williams's crime are set forth in our opinion affirming the district court's judgment denying Williams federal habeas relief. *See Williams v. Allen*, 458 F.3d 1233 (11th Cir.2006), *cert. denied*, — U.S. ——, 127 S.Ct. 1874, 167 L.Ed.2d 365 (2007). Briefly, in January 1988, Williams, along with two other individuals, noticed the victim's vehicle beside the road, stopped and confronted the victim. Williams led the victim to a nearby wooded area and shot him once in the left side of the head, "execution style," with a .22 caliber pistol which had been in the trunk of the stolen car in which Williams was riding. Williams and his companions left the victim's body at the scene and took his money and vehicle. *Id.* at 1235–36.

After a jury found Williams guilty on the charge of capital murder, the jury recommended, by a 10–2 vote, that the trial court impose the death penalty. The trial court agreed with the jury's recommendation and sentenced Williams to death. The Alabama Court of Criminal Appeals affirmed Williams's conviction and death sentence. *See Williams v. State*, 601 So.2d 1062 (Ala.Crim.App.1991). The Supreme Court of Alabama affirmed. *See Ex parte Williams*, 662 So.2d 929 (Ala.1992). The United States Supreme Court denied Williams's petition for a writ of certiorari. *See Williams v. Alabama*, 506 U.S. 957, 113 S.Ct. 417, 121 L.Ed.2d 340 (1992). Approximately 16 months later, Williams sought post-conviction relief in the state circuit court by filing a Rule 32 petition. *See* Ala. R.Crim. P. 32.1 (2005). Following an evidentiary hearing, the circuit court denied his post-conviction petition, and the Alabama Court of Criminal Appeals affirmed. *Williams v. State*, 783 So.2d 108 (Ala.Crim. App.2000). The Alabama Supreme Court denied Williams's petition for a writ of certiorari on October 27, 2000.

Williams then sought relief in federal court by filing a federal habeas petition on March 29, 2001. In July 2002, while Williams's federal habeas petition was pending, the Alabama Legislature changed the State's method of execution from electrocution to lethal injection. The new statute gave death-row inmates 30 days to elect electrocution instead. After that period of time, the State's sole method of execution would be lethal injection. *See* Ala.Code § 15–18–82.1 (2006 Cumulative Supp.). On April 20, 2005, the district court denied Williams's petition for habeas relief. This court affirmed the district court's judgment, and the United States Supreme Court denied a petition for writ of certiorari. Shortly thereafter, the State filed its motion to set an execution date, and the Alabama Supreme Court entered an order setting the date of execution.

## II. DISCUSSION

Williams's § 1983 action challenges Alabama's three-drug lethal injection protocol

and seeks injunctive relief barring the State from executing him using the three-drug protocol. Williams's action also seeks a declaratory judgment that the State's lethal injection protocol violates the Eighth Amendment's prohibition against cruel and unusual punishment. The district court dismissed Williams's § 1983 challenge, finding that Williams delayed unnecessarily in bringing his lethal injection challenge. On appeal, Williams contends that the district court erred in finding that he unreasonably delayed in filing his § 1983 challenge to the State's method of execution. We disagree.

[1, 2] "Injunctive relief is an equitable remedy that is not available as a matter of right." *Grayson v. Allen*, 491 F.3d 1318, 1322 (11th Cir.2007). "Additionally, the equitable principles at issue when inmates facing imminent execution delay in raising their § 1983 method-of-execution challenges are equally applicable to requests for both stays and injunctive relief." *Grayson*, at 1322; *Rutherford v. McDonough (Rutherford II)*, 466 F.3d 970, 976 (11th Cir.), *cert. denied*, — U.S. —, 127 S.Ct. 465, 166 L.Ed.2d 331 (2006); *see also Rutherford v. Crosby (Rutherford I)*, 438 F.3d 1087, 1092 (11th Cir.) (commenting that "where petitioner's scheduled execution is imminent, there is no practical difference between denying a stay on equitable grounds and denying injunctive relief on equitable grounds in a § 1983 lawsuit"), *vacated on other grounds, Rutherford v. McDonough*, — U.S. —, 126 S.Ct. 2915, 165 L.Ed.2d 914 (2006).

[3] Williams proffers numerous excuses to justify his delay in filing his challenge to the State's lethal injection method of execution. We are not persuaded by any of his excuses. First, we note that it is common practice for the State to ask the Alabama Supreme Court to set an execution date for a death row inmate shortly after the United States Supreme Court has denied certiorari review of the petitioner's federal habeas petition. *See Jones v. Allen*, 485 F.3d 635, 639 n. 2 (11th Cir.), *cert. denied*, — U.S. —, 127 S.Ct. 2160, 167 L.Ed.2d 887 (2007). Hence, when Williams filed his petition for writ of certiorari in the United States Supreme Court on December 11, 2006, it should have been clear to him that a denial of the petition would remove the final obstacle to lifting the state-court automatic stay of execution. Moreover, it should have been clear to Williams that once the Alabama Supreme Court lifted the stay, he might have as few as 30 days before the date of execution. *See* Ala. R.App. P. 8(d)(1); *see also Jones*, 485 F.3d at 639 n. 2 ("As a matter of common sense, completion of collateral review eliminates the last possible obstacle to execution, and Jones should have foreseen that the execution date would likely be set promptly upon completion of collateral review."). Thus, waiting to file suit until after the State filed its motion to set an execution date is too late to avoid the inevitable need for a stay of execution. The district court found that it "is not realistic to expect this type of case to be able to be litigated in less than a year." *Williams v. Allen*, No. 2:07–cv–307, slip op. at 11 n. 14, 2007 WL 2206846 (M.D.Ala. July 30, 2007). Thus, Williams's suit was not filed in time to allow full adjudication of the merits of his suit without the need for a stay.

Second, we reject Williams's assertion that he could not have filed a challenge to the lethal injection protocol until the Supreme Court's decision in *Hill v. McDonough*, — U.S. —, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006) (clarifying that a death row inmate could bring a § 1983 challenge to a state's method of execution). Nothing precluded Williams from filing a § 1983 challenge to

the State's method of execution before the *Hill* decision. "Although our circuit precedent prior to *Hill* called for litigants raising method-of-execution challenges to bring them in second or successive habeas petitions instead of § 1983 actions, a death row inmate could have filed a § 1983 suit to challenge this precedent, as the death row plaintiff in *Hill* did in December 2005 in this same circuit." *Grayson*, at 1323 (citation omitted). The same rationale applies here. Williams did not file his § 1983 challenge until 15 months after the Supreme Court granted certiorari in *Hill*. Even after the Supreme Court clarified in *Hill* that inmates could file § 1983 challenges to a state's execution procedures, Williams delayed another ten months before filing his action. As evident, Williams was not prohibited from filing his method-of-execution challenge prior to the *Hill* decision, and even if he were justified in waiting to file his challenge until the *Hill* decision, he unreasonably delayed his filing.

Third, Williams's unjustifiable delay cannot be blamed on any alleged change to Alabama's execution protocol. In *Jones*, we rejected a similar argument to the one proffered by Williams—that he delayed the filing of his lethal injection challenge because Alabama's execution procedures are secretive and thus could have changed over time. *Jones*, 485 F.3d at 640 n. 3. The crux of Williams's complaint, just like Jones's complaint, centers on the three-drug protocol utilized by virtually every other state that executes its death row inmates by lethal injection. Thus, his reliance on the alleged changes to Alabama's execution protocol to excuse his unjustifiable delay is belied by his complaint which lists Thiopental, Pavulon, and Potassium Chloride as the three-drug protocol utilized by the State. [Petitioner's Compl. ¶ 9–14.] *See Jones*, 485 F.3d at 640 n. 3; *Grayson*, at 1323–24.

Lastly, we reject Williams's contention that he delayed filing his lethal injection challenge because of the evolving standards of decency applicable to Eighth Amendment challenges. In essence, Williams claims that our maturing society is changing its belief that the death penalty is constitutional. There has been no change to Alabama's lethal injection method since its inception in 2002. Indeed, Williams makes no claim that Alabama's lethal injection protocol has been modified since its inception. Accordingly, Williams's view that the standards of decency are evolving does not excuse his unjustifiable delay in filing his lethal injection challenge.

We conclude that the district court did not clearly err in finding that Williams's delay in raising his § 1983 challenge to Alabama's lethal injection protocol was unnecessary and inexcusable. As the district court found, Williams filed his lawsuit more than 18 years after he was convicted and sentenced to death; nearly 15 years after the conclusion of his unsuccessful direct appeal of his conviction and sentence; nearly seven years after the conclusion of his unsuccessful Rule 32 proceedings; more than six years after he commenced his federal habeas action; nearly five years after he knew that the State would use lethal injection to execute him; approximately fifteen months after the United States Supreme Court granted the writ of certiorari in *Hill*; approximately ten months after the *Hill* decision; after the conclusion of his unsuccessful federal habeas corpus suit; and after the State moved for an execution date. Williams waited until there was no way the district court could adjudicate the merits of his claim without entry of a stay.[1]

---

1. We note that even after filing his lethal injection challenge, Williams did not request that the district court expedite his case in any way.

Both the State and the victim's family have a strong interest in the timely enforcement of Williams's death sentence. *See Hill*, 126 S.Ct. at 2104 (citing *Nelson v. Campbell*, 541 U.S. 637, 649–50, 124 S.Ct. 2117, 2126, 158 L.Ed.2d 924 (2004)); *Rutherford II*, 466 F.3d at 974; *Jones*, 485 F.3d at 641; *Grayson*, at 1326. As such, if Williams were allowed to proceed on his § 1983 challenge in district court, the implementation of the State's judgment would be delayed many months, if not years. Williams, in essence, would receive a reprieve from his judgment. *See Thompson v. Wainwright*, 714 F.2d 1495, 1506 (11th Cir.1983) (observing that "[e]ach delay, for its span, is a commutation of a death sentence to one of imprisonment").

### III. CONCLUSION

We conclude that the district court did not abuse its discretion in dismissing Williams's § 1983 action due to his unnecessary delay, especially given the strong presumption against the grant of equitable relief. *See Rutherford II*, 466 F.3d at 974; *Grayson*, at 1323. There was no justification for Williams's failure to bring his lethal injection challenge earlier to allow sufficient time for full adjudication on the merits of his claim. Williams's dilatory filing of this lawsuit " 'leaves little doubt that the real purpose behind his claim is to seek a delay of his execution, not merely to effect an alteration of the manner in which it is carried out.' " *Jones*, 485 F.3d at 640 (quoting *Harris v. Johnson*, 376 F.3d 414, 418 (5th Cir.2004)).

Accordingly, we affirm the district court's judgment of dismissal.[2]

AFFIRMED.

BARKETT, Circuit Judge, dissenting:

I dissent. Williams filed his execution-method challenge promptly—within 25 days of the conclusion of his federal habeas review and just 16 days after the State's motion to set an execution date. The majority states that it should have been apparent to Williams that he had a constitutional claim at the time the legislature changed the law in favor of execution by lethal injection. However, his claim did not become ripe until it was clear that he had exhausted the claims pertaining to his conviction and sentence. I cannot subscribe to the majority's view that Williams should have *anticipated* the denial of all relief and filed this case prior to the determination of his pending case.

Thus, I believe the district court's opinion should be reversed and remanded for an evidentiary hearing on the merits of Williams' claims. This is especially so given the serious nature of his merits claim that Alabama's execution procedure is unconstitutional. Alabama's method of execution calls for the injection of three drugs which in sequence are intended first to anesthetize, then paralyze, and then kill the defendant. Williams asserts that the evidence he has marshaled will show that the first drug in Alabama's three-drug lethal injection protocol will be insufficient to induce surgical anesthesia for the duration of the execution, leaving him conscious throughout this ordeal and subjecting him to excruciating, searing pain.[1] Moreover, because the second drug in

---

2. Because we affirm on equitable grounds the district court's judgment dismissing Williams's challenge to the State's method of execution, we need not address the State's alternative argument that Williams's suit is barred by the statute of limitations.

1. Recent developments in medical research have raised questions about the degree of pain and suffering caused by the method of lethal injection that some states, including Alabama, use. *See, e.g.*, Leonidas G. Koniaris et al., *Inadequate Anaesthesia in Lethal Injection for Execution*, 365

3346 WILLIAMS v. ALLEN

the cocktail will have rendered him unable to move, he will not be able to signal his pain.

A civilized and just society would surely want to assure itself that it does not administer executions in a manner that is needlessly painful and unconstitutionally torturous, especially when the solution—to provide sufficient anesthetic to safeguard against painful death—would appear so simple *and* easy to accommodate.

Therefore, I dissent.

---

The Lancet 1412 (Apr. 16, 2005) (finding current lethal injection protocols may not reliably effect death through the mechanisms intended, indicating a failure of design and implementation).

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

Joyce D. Pope
Deputy Clerk
Atlanta, Georgia

U.S. Court of Appeals, Eleventh Circuit—Thomson/West, Saint Paul, Minn.